NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-1475
_____

JAMES MARTSOLF,
                    Appellant

v.

LT. COL. JOHN BROWN; MAJOR SCIHAMER;
CAPTAIN ROBERT LIZIK; SUSAN BELL; LT. PETER VOGEL;
LT. DON CARNAHAN; MICHAEL PATRICK; SGT. MAX MOHNEY;
SGT. GARY SCHULER; CPT. STEPHEN KREMPASKY;
TPR. JAMES SHELDONE; TAM. ARTHUR WEILAND


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-05-cv-01941)
District Judge:  Honorable Christopher C. Conner

_____

Argued  October 24, 2011

Before: SLOVITER, GREENAWAY, JR., Circuit Judges
and POLLAK,[*] District Judge

(Filed January 6, 2012)
_____


Don A. Bailey (Argued)
Harrisburg, PA  17ll0


_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

Attorney for Appellant

Timothy P. Keating
Calvin R. Koons
Office of Attorney General of Pennsylvania
Harrisburg, PA 17120

Claudia M. Tesoro  (Argued)
Office of Attorney General of Pennsylvania
Philadelphia, PA 19107

Attorneys for Appellees

———

OPINION

———

SLOVITER, *Circuit Judge*.

James Martsolf, a Pennsylvania State Police ("PSP") officer, brought this suit pursuant to 18 U.S.C. § 1983 suit alleging, *inter alia*, that various employees of the PSP retaliated against him by removing him from the Special Emergency Response Team ("SERT") in violation of his rights under the Petition Clause of the First Amendment.[1]

---

[1] In *Garcetti v. Cebellos*, 547 U.S. 410 (2006), the Supreme Court held that a public employee's speech is protected by the First Amendment only if that speech was on a matter of public (rather than private) concern. Assuming, as the District Court did, that Martsolf adequately pled that his conduct was protected by the First Amendment, he must show causation – i.e., that Defendants retaliated against him because of his protected activity. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). We note, however, that we are not convinced that Plaintiff's SERT claims withstand analysis under *Garcetti*. As the District Court noted, Plaintiff has no evidence of "rampant incidents of sexual harassment in the PSP. His expressions of concern relate solely to the treatment of his former spouse," App. at 24-25, which appears to reflect his matter of private concern. We do not pursue this line of analysis because we decide this appeal on other grounds.

2

Specifically, Martsolf claims that he was retaliated against for filing or supporting three petitions: (1) an EEOC/PHRC complaint filed by his then-wife in May 2005; (2) an internal PSP complaint Martsolf filed after the EEOC/PHRC complaint; and (3) the instant suit, which Martsolf filed with his then-wife in September 2006.[2] The District Court granted summary judgment in favor of Defendants because Martsolf failed to establish that his removal from SERT was in retaliation for his activity. Martsolf appeals.[3]

Martsolf's Second Amended Complaint states that Martsolf was removed from SERT in January 2007. During his deposition, Martsolf stated that he believed the 2007 date to be an error and that he was, in fact, removed from SERT in 2005, ostensibly January 2005. If Martsolf had been removed in 2005, there could have been no retaliation because the petitioning activity allegedly occurred thereafter. Defendants' Rule 56.1 statement of undisputed facts states that Martsolf was "not sure whether he was relieved from SERT duty in 2005 or 2007." App. at 78. Martsolf's counterstatement of undisputed facts admitted that fact. Accordingly, the District Court concluded that Martsolf had failed to present evidence that his petitions, which began at the earliest in

_____

[2] Martsolf's former spouse withdrew her claims early in the litigation, leaving Martsolf as the only plaintiff.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment, applying the same test as the district court to determine if there are any issues of material fact. *Kach v. Hose*, 589 F.3d 626, 633-34 (3d Cir. 2009). We review a district court's refusal to reconsider its entry of summary judgment for abuse of discretion. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990).

May 2005, pre-dated his removal from SERT and, therefore, that no reasonable jury could conclude that he was removed from SERT in retaliation for those petitions.

Martsolf did not timely file a motion for reconsideration. Rather, two months later, as Martsolf's other claims proceeded to trial, he filed a motion in limine claiming that the District Court committed manifest error by granting summary judgment with respect to his SERT claim and seeking permission to present evidence about the timing of his removal from SERT at trial.[4] Attached to the motion were documents suggesting that Martsolf was, in fact, temporarily removed from SERT in October 2005 and permanently removed in March 2006 – both after the filing of the petitions at issue. The District Court denied the motion, concluding that the decision to grant summary judgment was directly attributable to Plaintiff's failure to present evidence suggesting a different version of the events, as was his burden. Martsolf moved for reconsideration of the denial of his motion in limine, which the District Court denied.

We will affirm. As explained above, on the record before it at the summary judgment stage, the District Court was correct to conclude that Martsolf had failed to present evidence that would permit a jury to find by a preponderance of the evidence that he was removed from SERT in retaliation for his Petition Clause activity.

---

[4] Martsolf's other claims were eventually settled and judgment was entered as to all claims and all Defendants.

The District Court's denial of Martsolf's motion in limine and motion for reconsideration did not represent an abuse of discretion.[5] First, the motions were untimely because they were not filed within fourteen days of the order granting partial summary judgment as required by the local rules. M.D. Pa. Local R. 7.10. Moreover, even setting aside their untimeliness, Martsolf's motions did not state an appropriate ground for reconsideration. For example, Martsolf did not allege that the additional evidence was newly discovered or otherwise explain how the summary judgment ruling was unjust in light of his failure to timely produce evidence in support of his claim. *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009). While courts have the power to revisit their prior decisions, they "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation omitted). A district court does not abuse its discretion when it declines to grant reconsideration based on new evidence that a party inexcusably failed to produce before the matter was decided. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). The District Court in this case thoroughly reviewed each of Plaintiff's claims and provided careful explanations of its rulings. We see no reversible error.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] Because it asked the District Court to reverse its summary judgment ruling, Plaintiff's motion in limine is properly construed as a motion for reconsideration.